Chief Justice Robertson
delivered the Opinion of the Court,
This appeal is prosecuted to reverse a judgment of eviction, obtained, in an action of ejectment, by Am-bier against Forman and others.
Questions to be decided.
Recital of evidence — which, tho’ it does not show that there were not intervals between the periods during which different tenants occupied, — is, yet, held sufficient to authorize a jury to infer,that the party’s possession was unbroken for 20 years or more, — and sus tain the verdict.
Ambler claimed, by deed, under the junior patent of Thomas Marshall, and relied for success on an alleged adversary possession for more than twenty years prior to the institution of the suit. ,
The appellants claim, by deed also,.under the senior grant of Triplet and Crutcher ; and insist that there was no such continuity of adversary possession as could have tolled their right of entry ; and that, moreover, the circuit court erred in giving instructions to the jury, and therefore erred in. overruling a motion for a new trial.
In revising the judgment, we shall consider the two general propositions thus presented by the motion for a new trial: that is, — first, did the proof authorize the verdict ? Second, did the circuit court err in any of its instructions ?
First. As to the adversary possession, the facts are, in some respects, not perfectly clear or satisfactory. But a careful survey and analysis of all the circumstances embodied in the bill of exceptions, tend to the conclusion that, whatever may be the actual state of the case, the jury had a right to infer, that Richard Wood- and another had, prior to 1790, leased the sixty acres of land now in controversy, from the patentee ; that they placed Philip Donaphan on the land, in the year 1790, as a subtenant; that Daniel Carrol bought the lease of Wood &c. and settled on the land in 1796, Donaphan still living in the cabin'which he had built when he first entered, and continuing to live therein as Carrol’s tenant for sometime after 1796 ; that Carrol continued to reside where he settled in 1796, until his death since 1803; that, in the fall of the year 1803, Samuel Hardy moved into Donaphan’s cabin, then vacant, and, shortly afterwards, leased the sixty acres from Thomas Marshall, junior, the son of the patentee, and who had authority to lease; that about six years prior to the expiration of his lease, (which was for ten years,) he sold his'term to one Phillips, who entered immediately, and, by agreement, was to occupy his place in all respects, under the lease from Marshall ; that Phillips removed from the state within about eight months after he had entered on the land ; that one Robinson, shortly afterwards, occupied it for *110 about six months, and was succeeded by one McKnight, who soon left the place, and was succeeded by James Gill, who deemed himself to be the tenant of Marshall, and continued to occupy the land until the spring of 1813, when, a short time before the expiration of Hardin’s term of ten years', he (Gill) sold out to Galbreath, who has resided on the land ever since.
Instructions, that “ if the jury believed that T. M. and those claiming under him wereinpos session of the land in controversy more than 20 'years, before they were divested” %-c. held to be erroneous — because not sufficiently explicit, (as ‘ the possession’ must have been adverse $• continual,) and may have misled the jury.
*110 Although these facts do no shew certainly how the land was held after Donaphan moved off, and before Hardy entered, or how either Robinson or McKnight entered, yet, a proper consideration of the whole mass of circumstances authorized a jury to find that the possession was never derelict,- or, in other words, that, at all times, there was such occupancy as would have authorized an action of ejectment on the elder patent.— And whether Kercheval, who claimed under a deed from Triplet and Crutcher, and conveyed to Forman, should be deemed to have done any thing which, in fact or in law, interrupted the adversary possession of the sixty acres, or any portion thereof, prioi; to the year 1816, when he placed a tenant within its limits, is also a question which a jury might, without control or rebuke, have decided favorably to the interest of the appellee. And therefore, as more than twenty years had elapsed from 1790 to 1816, and as we are of the opinion that, whatever might be the tendency of preponderating probability, the jury had a right to find, that the possession, from 1790 to 1816, was adversary and unbroken, — the first ground for a new trial should not have prevailed, even though the court might have been inclined to a different deduction from the facts.
. Second. But we are disposed to think that the circuit court erred in instructing the jury, that, “ if they believed that Tiiomas Marshall and those claiming under him were in the possession of the land in controversy more than twenty years before they were divested of the possession by a legal entry, the plaintiff (could) maintain his ejectment, and recover, though the defendants claim under the eldest patent.”
We do not doubt, that this instruction, as understood by the court and the parties, is free from legal excep *111 tion. But understood as the jury, unacquainted with the true legal doctrine, had a right to understand it, the instruction is erroneous. First. The instruction, as given, does not necessarily, or by strong implication, import that the possession must have been adverse. Second. It does not necessarily mean that the possession must have continued, without interruption, for twenty years. Such a comprehensive and unqualified generality — and especially when applied to such facts as those exhibited in the bill of exceptions — might easily have deluded and misled the jury; and may thus have produced a verdict different from that which might have been the fruit of an instruction presenting the law with proper precision.
As this court cannot know what effect the instruction had, and as it may have operated injuriously, we feel constrained to reverse the judgment of the circuit court, and remand the casé for another trial.